# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE RISK MANAGEMENT,<br><br>    Plaintiff,<br><br>    v.<br><br>SIKA CORPORATION, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01507-NONE-SAB<br><br>ORDER GRANTING STIPULATED REQUEST TO CONTINUE SCHEDULING CONFERENCE IN PART<br><br>(ECF No. 36) |

Innovative Risk Management ("Plaintiff") filed this action against Defendant Sika Corporation ("Sika") in the Stanislaus County Superior Court on September 21, 2020. (ECF No. 1 at 11-17.) On October 23, 2020, Defendant Sika removed the action to the Eastern District of California. (ECF No. 1.) On November 3, 2020, Defendant Sika filed an answer to the complaint. (ECF No. 2.) On April 22, 2021, Plaintiff filed a first amended complaint against Defendant Sika, and additionally named Defendant HD Supply Construction & Industrial White Cap ("HD"), and Defendant Surebuilt. (ECF No. 16.) On June 30, 2021, Defendant HD filed an answer to the first amended complaint. (ECF No. 20.)

On July 6, 2021, an order issued requiring Plaintiff Innovative Risk Management to file a status report on the service in this matter. (ECF No. 21.) On July 9, 2021, Plaintiff returned proofs of service demonstrating that service has now been effective on all Defendants, and a status report. (ECF Nos. 22, 23, 24.) Plaintiff asserted in the status report that it would be

1

1 seeking default against Defendant Surebuilt.  Plaintiff also stated that it was amenable to
2 proceeding with the scheduling conference with the Defendants that had appeared.  On July 12,
3 2021, the Court ordered Plaintiff to file a request for entry of default against Defendant Surebuilt
4 within seven (7) days.  (ECF No. 25.)  The Court stated that "[o]nce default is entered against
5 Defendant Surebuilt, the Court finds it would be appropriate to proceed with the scheduling
6 conference with the parties that have appeared in the action."  (Id. at 1.)

7 On July 16, 2021, Plaintiff and Defendants Sika and HD, filed a stipulation requesting the
8 mandatory scheduling conference be continued for a period of at least 45 days.  (ECF No. 27.)
9 The stipulation specified that while Defendant Sika did file an answer to the original complaint,
10 it had not yet filed an answer to the first amended complaint, and that it would do so by July 30,
11 2021.  (ECF No. 27 at 2.)  The filing also specified that Plaintiff would file a request for entry of
12 default against Defendant Surebuilt by July 19, 2021.  (Id.)  On July 19, 2021, the Court
13 continued the scheduling conference until September 30, 2021, and granted the request to extend
14 the time for Sika to file an answer nunc pro tunc.  (ECF No. 29.)

15 Thereafter, Plaintiff entered default against Defendant Surebuilt on July 20, 2021.  (ECF
16 No. 33.)  On July 30, 2021, Defendant Sika filed an answer, along with a crossclaim against
17 Surebuilt.  (ECF No. 35.)  On September 23, 2021, Plaintiff, and Defendants Sika and HD, filed
18 a stipulation to continue the scheduling conference currently set for September 30, 2021, for a
19 period of approximately 90 days until December 30, 2021.  (ECF No. 36.)  The stipulation
20 proffers good cause exists in that: (1) Defendant Surebuilt has indicated an intent to set aside the
21 default and file an answer; (2) Sika is still in the process of serving the crossclaim on Surebuilt;
22 Defendant Sika contends it is owed contractual indemnity by Surebuilt and is in the process of
23 tendering the defense and indemnity; (3) HD tendered its defense per contract to Sika, which was
24 accepted, and a formal response to the tender was recently forwarded, and these parties are in the
25 process of determining legal representation and/or filing a substitution of attorney as to HD; and
26 (4) Surebuilt should be given time to file responsive pleadings and engage in the scheduling
27 conference process.  (ECF No. 36 at 2-3.)

28 The Court finds good cause to continue the scheduling conference, however, given the

proffered reasons, and the length of time lapsed in this action in completing service and filing of responsive pleadings, the Court finds a continuance of sixty (60) days rather than ninety (90) days to be more appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The scheduling conference set for September 30, 2021, is CONTINUED to **November 29, 2021, at 10:00 a.m.** in Courtroom 9; and
2. The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling conference.

IT IS SO ORDERED.

Dated:   **September 23, 2021**

UNITED STATES MAGISTRATE JUDGE