# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE RISK MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>SIKA CORPORATION, et al.,<br><br>Defendants. | Case No. 1:20-cv-01507-JLT-SAB<br><br>ORDER RE: STIPULATED MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 55) |

A scheduling order for this matter issued on November 30, 2021, which was subsequently amended on November 4, 2022, and on December 2, 2022. (ECF Nos. 45, 50, 54.) The second modification was needed in part because the parties mistakenly did not stipulate to modify the nonexpert discovery deadline when they initially extended the expert discovery deadlines. (ECF No. 53 at 2.) Currently before the Court is the parties' stipulated motion to again modify the scheduling order, filed February 24, 2023. (ECF No. 55.)

The parties proffer similar reasons as given in the last filed stipulation, including needing additional time to complete discovery due to a major network outage that rendered all documents, files, emails and contacts inaccessible for approximately six weeks; and because the parties wish to attend mediation. (ECF Nos. 53, 55.) In December of 2022, the parties proffered mediation dates were not available until the Spring of 2023. (ECF No. 53 at 2.) In the current filing, the parties now proffer that Defendant Sika Corporation has provided dates and suggested

1

mediators, but the first available dates are in June. (ECF No. 55 at 2.) The parties additionally proffer that two separate counsel for Defendant Sika have recently contracted COVID-19, from separate sources. (Id.)

    The Court shall grant the requested extensions of the deadlines based on the proffer that the parties are meaningfully preparing to attend mediation. However, given this is the second time mediation scheduling has been proffered to the Court as a reason for modifying the scheduling order, the Court will be disinclined to entertain any further extensions unless the parties do complete mediation, it proves unsuccessful, and present additional good cause.

    The Court notes that a pretrial conference was set before the previously assigned District Judge. (ECF No. 45.) No trial date was set. The pretrial conference was not reset with the reassignment of this action to District Judge Jennifer L. Thurston. The Court shall reset the pretrial conference, but declines to set a trial date given the pending mediation.

    Accordingly, good cause appearing, IT IS HEREBY ORDERED that the parties' stipulated motion to modify the schedule (ECF No. 55) is GRANTED. The scheduling order is further modified as follows:

1. Nonexpert Discovery Deadline: **July 31, 2023**;
2. Expert Disclosure Deadline: **August 14, 2023**;
3. Supplemental Expert Disclosure Deadline: **August 31, 2023**;
4. Expert Discovery Deadline: **September 29, 2023**;
5. Dispositive Motion Deadline: **October 31, 2023**;
6. Pretrial Conference: **February 5, 2024 at 1:30 p.m.** in Courtroom 4; and
7. All other aspects of the scheduling order continue to remain in effect.

IT IS SO ORDERED.

Dated:   **February 24, 2023**

UNITED STATES MAGISTRATE JUDGE